UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00563-MOC-DCK

| | | |
|---|---|---|
| **KONA ICE, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRAD BUMGARNER,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a request for status made by the Clerk of Court concerning what appears to be a copy of the Motion for Transfer and Consolidation of Actions to the Southern District of Florida Pursuant to 28 U.S.C. § 1407 (#17), a pleading which may or may not be pending before the Judicial Panel on Multi District Litigation ("JPMDL").

The Court notes some irregularities with such filing, including the lack of any JPMDL case number on the copy of the Motion to Transfer or any indicia thereon indicating that it was filed with the JPDML, such as a file stamp. In the past, the Court has seen *true teste* copies of motions to transfer transmitted to this Court by the JPMDL. In addition, the document was submitted to this district by attorneys and parties who have not entered their appearance and who do not appear to be members of the Bar of this Court. Putting aside those concerns, the Court has reviewed the JPMDL docket and determined that a case has been opened, In re: Liquid Toppings Dispensing System ('447) Patent Litigation, MDL No. 2832 (JPMDL Feb. 5, 2018), that the Motion to Transfer has been accepted for filing, id. at (#2), and that a Briefing Schedule, id. at (#4) has been entered.

-1-

Thus, the Court concludes based on the suggestion upon this Court's docket and confirmation by review of the JPMDL docket that a Motion to Transfer has been filed. With that confirmation, the request for status by the Clerk of Court is both appropriate and timely because once an Answer is filed, a number of deadlines are triggered and notices are transmitted by the Clerk of Court, including advising the parties of the requirement of conducting an Initial Attorneys Conference ("IAC") as provided in the Local Civil Rules as well as Local Patent Rule 2.1.

With a Motion to Transfer now pending before the JPMDL, the Court concludes that it would likely be a waste of judicial and litigant resources to move forward with the IAC and discovery. Indeed, such activity in this Court would, to some extent, be counter to the cost-savings envisioned by § 1407 as well as the 2015 revisions to Rule 1, Federal Rules of Civil Procedure. In so finding, this Court does not presume that the Motion to Transfer will be granted; however, its reading of the Motion to Transfer convinces the Court that transfer is plausible.

In light of the purposes of § 1407 and the recent revisions to Rule 1, the Court will stay this action pending resolution of the Motion to Transfer now pending before the JPMDL. As this decision has been made *sua sponte* based on the Clerk's inquiry into status, any party may move to lift the stay and therein show reasons why pretrial proceedings should be allowed to move forward in this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that all pretrial proceedings, including requirements under the Local Civil Rules and Local Patent Rule, are **STAYED** pending resolution of the Motion to Transfer now pending before the JPMDL.

Signed: February 13, 2018

Max O. Cogburn Jr
United States District Judge